IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PETER MONROE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-cv-03238-SRB |
| FREIGHT ALL KINDS INC., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Freight All Kinds, Inc.'s ("Freight All Kinds") Motion for Summary Judgment. (Doc. #163.) For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

### I. FACTUAL BACKGROUND

For the purpose of resolving the pending motion, the following facts are uncontroverted or deemed uncontroverted by the Court.[1] Additional facts relevant to the parties' arguments are set forth in Section III. Defendant Herkon Productions, LLC ("Herkon") produces a traveling show known as Rudolph the Red Nosed Reindeer: The Musical (the "Musical"). Herkon requires trucking services in order to move stage equipment and sets from city to city.

Defendant American Productions d/b/a Janco Limited ("Janco") is a professional trucking company and interstate motor carrier that specializes in transporting equipment and sets for theatrical and musical tours. Janco provided—and Herkon accepted—a quote for picking up, transporting, and delivering stage equipment and sets for the Musical's 2017 tour. In order to

---

[1] The relevant facts are taken from the parties' briefs and exhibits, and are simplified to the extent possible.

transport all of the equipment, Janco needed two separate drivers to operate two separate tractor-trailers.

For the first tractor-trailer, Janco supplied its own driver, tractor, and trailer. For the second tractor-trailer, Janco supplied the trailer but needed to find a driver and tractor. Janco and Defendant FAK Logistics, Inc. ("FAK") entered into a broker agreement in which FAK agreed to supply the second tractor and driver. (Doc. #172-8.) FAK obtained the second tractor, and the second driver, Defendant Michael Johnson ("Johnson"), by contracting with Defendant Trans Pacific Transportation, Inc. ("Trans Pacific").[2] Although Trans Pacific directly paid Johnson, his compensation was based on a percentage of what FAK paid to Trans Pacific.

Freight All Kinds and FAK are physically located in the same headquarters in Colorado. Freight All Kinds and FAK are both Subchapter S corporations. Both corporations are owned by Sam and Bobbye Marcove. FAK does not have any employees. Instead, all individuals are employed by Freight All Kinds. During the times relevant to this lawsuit, Johnson was driving under FAK's Department of Transportation ("DOT") authority and under the dispatch of Freight All Kinds and/or FAK.

The first tractor-trailer for the tour was operated by Janco employee Lee Radford ("Radford"). Radford was the designated "lead driver." Johnson operated the second tractor-trailer. During the times relevant to this lawsuit, Johnson testified that he did not use GPS to get to his destinations. Instead, he "just followed" Radford. (Doc. #173-6, p. 17.) On December 2, 2017, Radford and Johnson made their way through Springfield, Missouri, to deliver equipment for the Musical.

---

[2] On or about August 7, 2017, Johnson submitted a "Driver's Owner Operator Application" to FAK. (Doc. #173-2, p. 1.) Johnson's application stated that he was applying for the position of "Contract Operator for Trans Pacific Transp., Inc." (Doc. #173-2, p. 1.) All page numbers refer to the pagination automatically generated by CM/ECF.

2

Meanwhile, Plaintiff Peter Monroe ("Monroe") was on a bicycle at an intersection. As Johnson made a right-hand turn from Walnut Street onto Hammons Parkway, his back wheels struck Monroe and drug him several yards. Monroe allegedly suffered severe injuries as a result of the accident.

On August 3, 2018, Monroe filed this suit against Defendants. Monroe's Third Amended Complaint asserts the following claims against Freight All Kinds: negligence (Count II), negligent hiring/retention (Count III), negligent training (Count IV), negligent supervision (Count V), negligent entrustment (Count VI), and negligence per se (Count VII). Freight All Kinds now moves for summary judgment on each count. Freight All Kinds argues in part that it is not vicariously liable for the alleged acts and omissions of Johnson, and that there is no evidence that it owed or breached a duty to Monroe. Monroe opposes summary judgment, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of identifying "the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quotations and alterations omitted). Once the moving party makes this showing, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.* (quotations omitted). If there is a genuine dispute as to the facts, those facts must "be viewed in the light most favorable to the nonmoving party." *Id.* "Credibility determinations, the

3

weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (quotations omitted).

## III. DISCUSSION

### A. Freight All Kinds is Not Entitled to Summary Judgment on the Basis that Vicarious Liability is Lacking.

Freight All Kinds first argues that it is not vicariously liable for Johnson's acts and omissions. Under Missouri law, an employer or principal "is liable under the theory of *respondeat superior* for damages attributable to the misconduct of an employee or agent acting within the course and scope of the employment or agency." *McHaffie v. Bunch*, 891 S.W.2d 822, 825 (Mo. banc 1995).[3] "In order to establish a principal/agent relationship, the principal must have a 'right to control' the agent." *Blunkall v. Heavy & Specialized Haulers, Inc.*, 398 S.W.3d 534, 541 (Mo. App. S.D. 2013). A "principal does not need to control or direct every movement, rather only those necessary to accomplish the final result." *Id.* Additionally, a written agency contract is not required; an "agency relationship may be created by words and conduct." *Id.* "An agency relationship may . . . exist even if the parties did not intend the relationship." *Id.*

In contrast, respondeat superior does not attach if an individual is merely an independent contractor. "An independent contractor is one who contracts with another to do something for him but is neither controlled by the other nor subject to the other's control with respect to his physical conduct in the performance of the undertaking." *Scott v. SSM Healthcare St. Louis*, 70 S.W.3d 560, 566 (Mo. App. E.D. 2002) (citations, quotations, and alterations omitted). "If there is no right to control, there is no liability; those rendering services but retaining control over their

---

[3] The Court finds that Monroe's substantive claims arise under Missouri law. Indeed, the parties cite and primarily rely upon Missouri law.

4

own movements are not servants." *Lee v. Pulitzer Pub. Co.*, 81 S.W.3d 625, 631 (Mo. App. E.D. 2002).[4]

"Whether a party is liable under the doctrine of respondeat superior depends on the facts and circumstances in evidence in each particular case and no single test is conclusive of the issue of the party's interest in the activity and the right to control." *Id.* In general, "the relationship of principal-agent or employer-employee is a question of fact to be determined by the jury when, from the evidence adduced on the question, there may be a fair difference of opinion as to the existence of the relationship." *Johnson v. Bi-State Develop. Agency*, 793 S.W.2d 864, 867 (Mo. banc 1990).

As stated in a companion Order, FAK admits it is vicariously liable for Johnson's acts and omissions. Freight All Kinds argues there is insufficient evidence to hold it vicariously liable. Freight All Kinds argues that Johnson drove for its "sister company FAK," and that it "did not contract with Mr. Johnson or control or have the right to control Mr. Johnson." (Doc. #164, p. 6.) In response, Monroe argues there is evidence showing that Freight All Kinds and FAK are alter egos of each other. Monroe argues that "counsel for Defendant is attempting to

---

[4] Missouri courts consider various factors to determine "whether one acting for another is a servant or independent contractor." *Bargfrede v. Am. Income Life Ins. Co.*, 21 S.W.3d 157, 162 (Mo. App. W.D. 2000). These factors include:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (b) whether or not the one employed is engaged in a distinct occupation or business;
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d) the skill required in the particular occupation;
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (f) the length of time for which the person is employed;
> (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is a part of the regular business of the employer;
> (i) whether or not the parties believe they are creating the relation of master and servant; and
> (j) whether the principal is or is not in business.

*Id.*

play a 'shell game' as to the corporate structure of 'Freight All Kinds.'" (Doc. #170, p. 11.) As set forth below, the Court finds that Freight All Kinds is not entitled to summary judgment on the issue of vicarious liability.

"As a general rule, two separate corporations are regarded as distinct legal entities, even if the stock of one is owned partly or wholly by the other." *Weitz Co. v. MH Washington*, 631 F.3d 510, 520 (8th Cir. 2011) (applying Missouri law). "However, where one corporation so dominates and controls another that it becomes a mere 'alter ego' of the first and the formal corporate separateness is used to accomplish a fraud, injustice, or some unlawful purpose, then the separate formal corporate structures are ignored." *Id.* In addition, a separate theory of liability may attach based on a principal-agent relationship between two corporations. *Id.* at 522. To establish such a relationship, "there must be such domination and control that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal." *Id.* (citations and quotations omitted).

Neither party adequately explains these legal doctrines or how they apply to the facts in this case. Freight All Kinds's reply brief argues that Monroe must—but fails—to show that "Freight All Kinds and FAK are separate corporations for the purpose to commit fraud or wrong or that their separate status proximately caused Plaintiff's injuries." (Doc. #184, p. 5.)

Although this is a close call, the Court finds that Monroe has presented enough evidence to avoid summary judgment. As set forth above, Freight All Kinds and FAK have the same owners. All employees are employed by Freight All Kinds. FAK has no employees. Freight All Kinds and FAK are both physically located in the same headquarters in Colorado. Finally, the corporate representative for Freight All Kinds and FAK agreed that Johnson was driving under the dispatch and for the benefit of Freight All Kinds "and/or" FAK. (Doc. #170-1, p. 19.) Under

6

these circumstances, the Court denies Freight All Kinds's request for summary judgment on the issue of vicarious liability.

**B. Summary Judgment is Not Warranted on Monroe's Claims for Negligent Hiring/Training/Supervision/Entrustment.**

Freight All Kinds argues that summary judgment is warranted on Monroe's claims for negligent hiring, training, supervision, and entrustment. Freight All Kinds argues the record shows that it did not owe or breach any duty to Monroe, and that any such breach did not cause Monroe's injuries. The arguments presented by Freight All Kinds are similar to those presented in FAK's motion for summary judgment. In a companion Order, the Court denied FAK's request for summary judgment on these issues.

Based on the facts set forth above, the Court finds that Freight All Kinds and FAK are similarly situated with respect to the issues raised in this lawsuit. Consequently, the Court finds that Freight All Kinds is not entitled to summary judgment on Monroe's negligence claims for the same reasons as those stated in the Order denying FAK's motion for summary judgment.

**C. Freight All Kinds is Entitled to Summary Judgment on Monroe's Negligence Per Se Claim.**

In Count VII, Monroe asserts a negligence per se claim against Freight All Kinds. A negligence per se claim contains four elements: "1) the defendant violated a statute or regulation; (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or regulation; (3) the injury complained of was of the kind the statute or regulation was designed to prevent; and (4) the violation of the statute or regulation was the proximate cause of the injury." *Dibrill v. Normandy Assoc., Inc.*, 383 S.W.3d 77, 84-85 (Mo. App. E.D 2012). "Negligence per se is in effect a presumption that one who has violated a safety statute

has violated his legal duty to use due care." *Goudeaux v. Bd. of Police Com'rs of Kansas City*, 409 S.W.3d 508, 513 (Mo. App. W.D. 2013).

Monroe's Third Amended Complaint alleges that Freight All Kinds violated Mo. Rev. Stat. § 304.012.1. This statute provides that: "[e]very person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care." Mo. Rev. Stat. § 304.012.1.

Freight All Kinds argues that Mo. Rev. Stat. § 304.012.1 does not prohibit specific conduct as required to prevail on a negligence per se claim. In support, Freight All Kinds relies upon *Cisco v. Mullikin*, No. 4:11 CV 295 RWS, 2012 WL 549504 (E.D. Mo. Feb. 21, 2012). *Cisco* dismissed a negligence per se claim under Mo. Rev. Stat. § 304.012.1 because it does not "set[] out a statutory standard of care." *Id.* at *2.

Monroe's opposition brief does not explain why summary judgment should not be entered on his negligence per se claim. Indeed, Monroe does not even address this claim. Consequently, based on *Cisco* and the arguments presented by Freight All Kinds, summary judgment will be entered in favor of Freight All Kinds on Monroe's negligence per se claim.

### IV. CONCLUSION

Accordingly, Defendant Freight All Kinds, Inc.'s Motion for Summary Judgment (Doc. #163) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as summary judgment is entered in favor of Freight All Kinds and against Monroe on Count VII for negligence per se. The motion is DENIED on all other claims.

8

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2020